## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TONY MUHAMMAD and
PRESTON ADAMS,

        Plaintiffs,

        v.                                    Case No. 05-CV-0129

WISCONSIN COACH LINES, INC.

        Defendant.

## ORDER

On April 29, 2005, plaintiffs Tony Muhammad and Preston Adams filed a second amended complaint against defendant, Wisconsin Coach Lines, Inc., alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended, 42 U.S.C. § 1981, and the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq. The court granted plaintiffs' counsel's motions to withdraw as their attorney of record by orders dated November 30, 2005, and December 29, 2005, and as of the date of this order, it appears the plaintiffs have not secured new counsel. Two motions filed by the defendant are before the court: a motion to dismiss the claims of plaintiff Preston Adams, and a motion for summary judgment. Plaintiff Tony Muhammad filed a motion for an extension of time to respond to the defendant's motion for summary judgment.

On February 8, 2006, the defendant filed a motion to dismiss plaintiff Preston Adams for failure to prosecute his claims pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41.3. By letter dated, January 3, 2006, the defendant

informed Adams that if he failed to appear for his deposition, the defendant would move to dismiss his claims. Adams failed to appear for his deposition scheduled for January 27, 2006. (Finnerty Aff. ¶ 9).

This is the second time that Adams failed to appear for his deposition. When he was represented by counsel, Adams did not show up for his deposition scheduled for October 13, 2005, and did not notify his attorney that he would be unable to attend that deposition. (Uelmann Aff. ¶¶ 8-9). By order dated November 30, 2005, the court granted Adams' attorney's motion to withdraw as his attorney of record and advised Adams that his claims were dismissed from this action for lack of prosecution pursuant to Civil L.R. 41.3. The court granted Adams 20 days to petition the court for reinstatement of his claims. On December 16, 2006, Adams filed a letter requesting that his claims be reinstated, and by order dated December 29, 2005, the court reinstated Adams' claims.

Adams did not respond to any of the communications from defendant's counsel to reschedule his deposition or offer any explanation for why he did not show up for his January 27, 2006 deposition. (Finnerty Aff. ¶¶ 2-4, Ex. 1). From December 16, 2005, until the filing of its motion to dismiss Adams' claims, the defendant received no communication from Adams or an attorney representing Adams. (Finnerty Aff. ¶ 4). Additionally, as of the date of this order, Adams has not responded to the defendant's motion to dismiss his claims or the defendant's motion for summary judgment.

Federal Rule of Civil Procedure 41(b) states that a defendant may move for dismissal of an action or of any claim against the defendant for failure of the plaintiff to prosecute the claims. *Id.* Civil Local Rule 41.3 states that if it appears that the plaintiff is not diligently prosecuting the action, the court may enter an order of dismissal with or without prejudice. *Id.*

The Seventh Circuit held that there must be an explicit warning before a case is dismissed for lack of prosecution. *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993). Given that Adams' claims were already dismissed once for lack of prosecution, the court concludes that Adams was given sufficient notice that he was to actively prosecute his claims. Despite such notice, by failing to appear for his deposition a second time, failing to correspond with the defendant in order to reschedule his deposition or offer any reason for why he missed his deposition, failing to respond to the defendant's motion to dismiss his claims, and failing to respond to the defendant's motion for summary judgment, the record indicates that Adams has failed to actively prosecute his claims. Notably, plaintiff Muhammad's motion for a extension of time to respond to the defendant's motion for summary judgment refers only to Muhammad and does not mention Adams. In light of the foregoing, the court concludes that Adams has failed to prosecute his claims and will dismiss Adams' claims with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41.3.

However, as the Seventh Circuit stated in *Kruger v. Apfel*, 214 F.3d 784 (7th Cir. 2000), "dismissal for failure to prosecute is an extraordinarily harsh sanction."

*Id.* at 787 (citing *Dunphy v. McKee*, 134 F.3d 1297 (7th Cir. 1998)). As such, and in accordance with Civil L.R. 41.3, Adams may again petition for reinstatement of his claims within twenty (20) days from the date of this order. *Id.* If Adams chooses to petition the court to reinstate his claims, his petition will be required to demonstrate good cause for his lack of diligence in prosecuting his claims.

On March 1, 2006, the defendant filed a motion for summary judgment. Pursuant to Civil L.R. 7.1(c), the plaintiffs were to have served a response within 30 days of service of the motion. On March 30, 2006, plaintiff Muhammad filed a motion for an extension of time to respond to the motion for summary judgment. Muhammad asserts that he is attempting to secure new counsel, and appears to be claiming that he is unable to adequately respond to the motion for summary judgement without the assistance of counsel. According to a letter from the defendant dated April 13, 2006, the defendant does not object to a two week extension of time for Muhammad to respond to the motion for summary judgment. In light of the foregoing, the court will grant Muhammad twenty (20) days from the date of this order to respond the defendant's motion for summary judgment. Muhammad is encouraged to contact the Milwaukee Bar Association Lawyer Referral and Information Service (515 East Wells Street, Milwaukee, WI 53202, (414) 274-1901), or the State Bar of Wisconsin Attorney Information and Referral Service, ((608) 257-4666 or (800) 362-9082), in his efforts to secure counsel.

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss the claims of plaintiff Preston Adams (Docket #34) be and the same is hereby **GRANTED**. Plaintiff Preston Adams' claims are dismissed from this action with prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41.3; Adams may petition for reinstatement of his claims within twenty (20) days from the date of this order;

**IT IS FURTHER ORDERED** that Muhammad's motion for an extension of time (Docket #44) be and the same is hereby **GRANTED**; Muhammad shall have twenty (20) days from the date of this order to respond to the defendant's motion for summary judgment.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge